1   SEYFARTH SHAW LLP
    Aaron R. Lubeley (SBN 199837)
2   E-mail: alubeley@seyfarth.com
    333 S. Hope Street, Suite 3900
3   Los Angeles, California 90071
    Telephone: (213) 270-9600
4   Facsimile: (213) 270-9601

5   SEYFARTH SHAW LLP
    Rocio Herrera (SBN 237139)
6   E-mail: rherrera@seyfarth.com
    2029 Century Park East, Suite 3500
7   Los Angeles, California 90067
    Telephone: (310) 277-7200
8   Facsimile: (310) 201-5219

9   Attorneys for Defendant
    HYATT HOTELS CORPORATION d/b/a/
10  HYATT REGENCY HUNTINGTON BEACH RESORT & SPA
    and NOBLE/UTAH LONG BEACH LLC erroneously
11  sued as Starwood Hotels & Resorts Worldwide, Inc., d/b/a
    The Westin Long Beach

```
FILED
CLERK, U.S. DISTRICT COURT

JAN - 3 2011

CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY
```

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14  MIGUEL TAPIA, individually and on      )   Case No. CV11·00047 GHK (SS)
    behalf of a class of others similarly   )
15  situated; and DAVID GARCIA,             )   DEFENDANTS HYATT HOTELS
    individually and on behalf of a class of )  CORPORATION D/B/A HYATT
16  others similarly situated; and ANAHI    )   REGENCY HUNTINGTON
    MEJORADA, individually and on behalf )      BEACH RESORT & SPA AND
17  of a class of others similarly situated, )  NOBLE/UTAH LONG BEACH
                                            )   LLC'S NOTICE OF REMOVAL
18              Plaintiffs,                 )
                                            )   [CLASS ACTION FAIRNESS
19         v.                               )    ACT OF 2005]
                                            )
20  BERTHA RODRIGUEZ, individually         )   FAC Filed: November 13, 2010
    and d/b/a D&J MAINTENANCE             )
21  STAFF; D&J MAINTENANCE STAFF          )
    d/b/a D&J STAFF, entity unknown;       )
22  HYATT HOTELS CORPORATION             )
    d/b/a HYATT REGENCY                    )
23  HUNTINGTON BEACH RESORT &            )
    SPA, a Delaware Corporation;            )
24  STARWOOD HOTELS & RESORTS            )
    WORLDWIDE, INC. d/b/a THE            )
25  WESTIN LONG BEACH, a Maryland        )
    Corporation; and DOES 1 to 100,         )
26  inclusive,                              )
                                            )
27              Defendants.                 )
                                            )
28  _____)

13013675v.2                                      NOTICE OF REMOVAL

1   TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

2 DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL

3 OF RECORD:

4   PLEASE TAKE NOTICE that Defendants Hyatt Hotels Corporation d/b/a

5 Hyatt Regency Huntington Beach Resort & Spa and Noble/Utah Long Beach LLC

6 (erroneously sued and served as Starwood Hotels & Resorts Worldwide, Inc. d/b/a

7 The Westin Long Beach) (collectively "Defendants") hereby remove the above-

8 referenced action from the Superior Court of the State of California for the County

9 of Los Angeles, to the United States District Court for the Central District of

10 California, pursuant to 28 U.S.C. sections 1441 and 1446, asserting original federal

11 jurisdiction under 28 U.S.C. section 1332(d)(2), and state that this Court has

12 jurisdiction over the action pursuant to the Class Action Fairness Act of 2005

13 ("CAFA") for the following reasons.

14       **BACKGROUND**

15   1.  On or about May 7, 2010, plaintiffs Miguel Tapia, David Garcia, and

16 Anahi Mejorada, individually and on behalf of a class of others allegedly similarly

17 situated, filed a "Class Action Complaint" against Bertha Rodriguez, individually

18 and d/b/a D&J Maintenance Staff; D&J Maintenance Staff d/b/a D&J Staff in the

19 Superior Court of the State of California, County of Los Angeles, Case No. Case

20 No. BC 437304 (the "Complaint").  A copy of the Complaint is attached hereto as

21 Exhibit "A."

22   2.  On or about November 18, 2010, Plaintiffs filed a First Amended

23 Complaint ("FAC").  A copy of the FAC is attached hereto as Exhibit "B."

24   3.  The FAC purports to assert four claims for relief against Defendants

25 stemming from plaintiffs Miguel Tapia, David Garcia, and Anahi Mejorada's

26 (collectively "Plaintiffs") employment and Defendants' alleged failure to observe,

27

28

NOTICE OF REMOVAL

13013675v.2

1  as to Plaintiffs and a purported class of similarly situated individuals,[1]

2  requirements set forth in California Labor Code § 1194 (failure to pay overtime

3  compensation), §§ 201, 202, 203, and 227.3 (failure to pay wages upon

4  termination), §§ 226.7 and 512 (failure to provide meal and rest breaks), and

5  Business & Professions Code § 17200 (unfair competition).[2]

6      4.    The FAC seeks to certify three classes as follows:

7  **Overtime Class**: "All persons who were paid by the hour by Defendants in

8  California at any time since the date four years prior to the filing of this action

9  through the date the Notice is mailed to the Class, who, at any time during the

10  period, worked over eight hours in a day and/or over forty hours in a week for

11  Defendants." ¶

12      **Terminated Overtime Class**: "All persons in the Overtime Class whose

13  employment with Defendants terminated at any time during the period

14  commencing four years prior to the filing of this action and ending with the date

15  Notice is mailed to the class."

16      **Meal and Rest Break Class**: "All persons who were paid by the hour by

17  Defendants in California at any time since the date four years prior to the filing of

18  this action through the date the Notice is mailed to the Class, who, at any time

19  during the period, were not provided proper meal and rest periods."[3]

20  <div align="center">**TIMELINESS OF REMOVAL**</div>

21      5.    The FAC was personally served to Defendants on December 2, 2010.

22  Proofs of Service filed in State Court action, copies attached hereto as Exhibits C-

23  D. This Notice of Removal is timely as it is filed within thirty (30) days of service

24  of the FAC. 28 U.S.C. § 1446(b).

25

---

26  [1]    Defendants dispute, and reserve the right to contest at the appropriate time, Plaintiffs' allegations that this action can properly proceed as a class action.

27  [2]    First Amended Complaint ("FAC") ¶¶ 1, 15-17, 21-23, 30-31, 35-36.

28  [3]    FAC ¶¶ 3, 11, 12.

<div align="center">3</div>

<div align="right">NOTICE OF REMOVAL</div>

13013675v.2

## ORIGINAL JURISDICTION – CLASS ACTION FAIRNESS ACT

6.      This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. § 1332(d)(2).  As set forth below, this action is properly removable, pursuant to 28 U.S.C. § 1441(a), in that the district court has original jurisdiction over the action, because the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the action is a class action in which the named Plaintiffs are citizens of a state that is different from that of Defendants. 28 U.S.C. §§ 1332(d)(2)(a) & (d)(6).  Furthermore, Plaintiffs allege the number of putative class members is greater than 100.  28 U.S.C. § 1332 (d)(5)(B).

7.      Defendants have not secured the consent of the "DOE" Defendants before removing this action because Defendants do not know the identity of the "DOE" Defendants and have no reason to believe that any of them have been properly served or have voluntarily appeared in this action.  *Fristos v. Reynolds Metals Co.*, 615 F. 2d 1209, 1213 (9th Cir. 1980) (unnamed defendants sued as "DOES" are not required to join in a removal petition); 28 U.S.C. section 1441(a).

8.      Pursuant to CAFA, Defendants need not obtain the consent of any other defendant to remove this action.  28 U.S.C. § 1453(b).

## DIVERSE CITIZENSHIP OF THE PARTIES

### Plaintiffs Are Citizens of California

9.      **Plaintiffs' Citizenship.**  Plaintiffs are, and at all times since the commencement of this action have been, citizens and residents of the State of California.  To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile.  *State Farm Mutual Auto Insurance Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Plaintiffs allege in the Complaint

NOTICE OF REMOVAL

13013675v.2

1   that they performed work for Defendants in Los Angeles County.[4]  Moreover, at all

2   times relevant to this lawsuit, Plaintiffs resided in California and seek to represent

3   all employees in California.  Therefore, Plaintiffs are, or were at the institution of

4   this civil action, citizens of California.

5                            **Defendants are not Citizens of California**

6          10.    **Hyatt Hotels Corporation d/b/a Hyatt Regency Huntington Beach**

7   **Resort & Spa's Citizenship.**  Hyatt Hotels Corporation d/b/a Hyatt Regency

8   Huntington Beach Resort & Spa ("Hyatt"), is now, and was at the time of the filing

9   of this action, citizens of a State <u>other</u> than California within the meaning of 28

10  U.S.C. section 1332(c)(1).  Section 1332(c)(1) states that "a corporation shall be

11  deemed to be a citizen of any State by which it has been incorporated and of the

12  State where it has its principal place of business."

13         11.    Defendant Hyatt is now, and at all times since this action commenced

14  has been, a corporation organized under the laws of the State of Delaware.  Hyatt is

15  a citizen of the state of Delaware.

16         12.    Per the United States Supreme Court's recent decision in *Hertz Corp.*

17  *v. Friend*, the appropriate test to determine a corporation's principal place of

18  business is the "nerve center" test. *Hertz Corp. v. Friend*, No. 08-1107, ____ U.S.

19  ____, 130 S. Ct. 1181, 1184-85 (2010).  Under the "nerve center" test, a

20  corporation's principal place of business is the place where its "officers direct,

21  control and coordinate the corporation's activities." 130 S. Ct. at 1192.  A

22  corporation typically directs, controls and coordinates its activities from its

23  headquarters. *Id.*

24         13.    The headquarters from which Hyatt directs, controls and coordinates

25  its activities is located in Chicago, Illinois.  From headquarters in Illinois, Hyatt

26  conducts such executive operations, including but not limited to, those relating to

27

28         [4]    FAC ¶¶ 2, 3.

5

NOTICE OF REMOVAL

13013675v.2

firm-wide policies and procedures, human resources, legal affairs, marketing, tax, benefits, information technology, and finance.  Many of Defendant's high-level executives, including the Chief Executive Officer, Chief Operating Officer, and General Counsel, maintain offices in Chicago, Illinois.  Therefore, Hyatt is a citizen of Delaware and Illinois.

14.     Noble/Utah Long Beach LLC[5] ("Noble/Utah") is not a citizen of the state of California, but rather is now and at the time of the filing of this action was a citizen of the states of Delaware, Georgia, and Utah as established by 28 U.S.C. § 1332(c)(1).

15.     Noble/Utah is a limited liability company.  The citizenship of a limited liability company is based on the citizenship of all of the members of the company.  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020 (11th Cir. 2004).

16.     The only member of Noble/Utah is now and at all times since the commencement of this action has been Noble-Utah Holdings, LLC ("Noble-Utah Holdings").  Noble-Utah Holdings is a limited liability company incorporated in Delaware.  Noble-Utah Holdings has two members, Noble Parallel Investment Fund I, LLC ("Noble Parallel") and Utah State Retirement Fund ("USRF").  Noble Parallel is limited liability company incorporated and with a principal place of business in Georgia.  USRF is Utah entity with a principal place of business in Utah.

17.     As demonstrated above, Noble/Utah is not now, and was not at the time of the filing of the Complaint, a citizen of the state of California within the meaning of the Acts of Congress relating to the removal of cases.

18.     **Doe Defendants.**  Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes

---

[5] Noble/Utah Long Beach LLC was erroneously sued and served as Starwood Hotels & Resorts Worldwide, Inc. d/b/a The Westin Long Beach.

NOTICE OF REMOVAL

13013675v.2

1   of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristos v.*
2   *Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants
3   are not required to join in a removal petition). Thus, the existence of Doe
4   Defendants one through one hundred, inclusive, does not deprive this Court of
5   jurisdiction.

6        19.    Furthermore, District Courts shall have original jurisdiction of any
7   civil action in which the matter in controversy exceeds the sum or value of
8   $5,000,000, exclusive of interest and costs, and is a "class action in which any
9   member of a class of plaintiffs is a citizen of a State different from *any defendant.*"
10  28 U.S.C. § 1332(d)(2) (emphasis added). Here, removal is proper because Hyatt
11  (a citizen of Delaware and Illinois) and Noble/Utah (a citizen of Delaware,
12  Georgia, and Utah) are citizens from states that are different from Plaintiffs
13  (California).

14                    **AMOUNT IN CONTROVERSY**

15       20.    The claims of the individual members in a class action are aggregated
16  to determine if the amount in controversy exceeds the sum or value of $5,000,000.
17  28 U.S.C. § 1332(d)(6). In addition, Congress intended for federal jurisdiction to
18  be appropriate under CAFA "if the value of the matter in litigation exceeds
19  $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the
20  defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive
21  relief, or declaratory relief)." Senate Judiciary Committee Report, S. REP. 109-14,
22  at 49. Moreover, the Senate Judiciary Committee's Report on the final version of
23  CAFA makes clear that any doubts regarding the maintenance of interstate class
24  actions in state or federal court should be resolved in favor of federal jurisdiction.
25  S. REP. 109-14, at 49("[I]f a federal court is uncertain about whether 'all matters
26  in controversy' in a purported class action 'do not in the aggregate exceed the sum
27  or value of $5,000,000,' the court should err in favor of exercising jurisdiction over
28  the case . . . . Overall, new section 1332(d) is intended to expand substantially

<div align="center">7</div>

13013675v.2

1   federal court jurisdiction over class actions.  Its provisions should be read broadly,

2   with a strong preference that interstate class actions should be heard in a federal

3   court if properly removed by any defendant.").

4       21.    Although Plaintiffs have not alleged the amount of their individual

5   damages, or alleged the damages of the putative class, it is clear that the alleged

6   amount in controversy in this putative class action exceeds, as set forth below,

7   $5,000,000.  Defendants deny that Plaintiffs or the putative class are entitled to

8   anything by the FAC, as Plaintiffs' claims rest on faulty assumptions.

9   Nevertheless, the amount in controversy is dictated by Plaintiffs' claims not the

10   merits.

11       22.    The alleged amount in controversy in this class action exceeds, in the

12   aggregate, $5,000,000.  The FAC alleges three separate putative classes.  The first

13   and third classes, the Overtime and Meal and Rest Period classes, consists of all

14   persons "paid by the hour" by Defendants in California over the last four years.

15   Plaintiffs estimate there are at least 500 members in each class.[6]  The second

16   putative class includes **all** members of the Overtime Class that have been

17   terminated within the last four years, the Terminated Overtime Class.  Plaintiffs

18   estimate there are at least 200 members in the class.[7]

19       23.    **Unpaid Meal/Rest Break Compensation.**  Plaintiffs seek recovery

20   for alleged (1) failure to provide meal periods and (2) failure to provide rest

21   breaks.[8]  The money owed for a missed meal period or rest break pursuant to Labor

22   Code section 226.7 is one hour of an aggrieved employee's pay for each violation.[9]

---

24   [6]    FAC ¶¶ 11, 12(a).

25   [7]    FAC ¶¶ 11, 12(a).

   [8]    FAC ¶¶ 1, 11, 12(a), 34-38.

26   [9]    Labor Code section 226.7 provides a penalty of one hour of pay for each day

27   in which a meal or rest period is not provided in accordance with the law.
California law defines the extra hour of pay under section 226.7 as a wage, not a

28   penalty.  *Murphy v. Kenneth Cole Productions, Inc.* 40 Cal. 4th 1094 (2007).
Thus, the statute of limitations for the 226.7 claims is three years, and is extended

NOTICE OF REMOVAL

13013675v.2

Based on the allegations that Plaintiffs and the class members were not provided statutorily-required meal and rest breaks each workday during the class period, the total amount in controversy based on these claims alone would be (500 hourly employees) × (4 years of class period) × (52 weeks/year) × (5 shifts per work week) x ($7.50 hourly rate[10]) = **$3,900,000.**

24.     **Overtime Compensation.**  Plaintiffs separately allege that the putative class members worked in excess of 8 hours per day and 40 hours per week without receiving overtime compensation; Plaintiffs claim unpaid overtime compensation for the putative class from November 2006.[11]  Using a conservative estimate of only one hour of alleged unpaid overtime compensation per week, the amount in controversy based on this claim would be the sum of (500 hourly employees) × (4 years of class period) × (52 weeks/year) × (one overtime hour per week) × ($7.50 hourly rate) × (1.5 overtime premium multiplier) = **$1,170,000.**

25.     **Waiting-Time Penalties.**  Plaintiffs also seek penalties for alleged violations of Labor Code section 203, for failure to pay employees all wages due and payable at the time of termination of employment.[12]  If Plaintiffs prevail on this claim on a class-wide basis, each class member whose employment was terminated in the class period could be entitled to up to 30 days' wages.  Plaintiffs allege that from 2006 through November 18, 2010, approximately 200 hourly employees in California have quit or been terminated.  Assuming that these hourly

---

an additional year pursuant to the four year statute of limitations available under Business & Professions Code section 17200.

[10]     The minimum wage was $6.75 at the beginning of the relevant time period (November 2006) and changed to $7.50 on January 1, 2007, and $8.00 on January 1, 2008.  All employees have at all times earned at least the minimum wage.  During the class period, Plaintiffs would have worked, at most, two months at the $6.75 minimum wage rate, and over two years at the $8.00 minimum wage rate.  For purposes of these calculations, Defendants use the minimum wage rate beginning in November 2007 ($7.50) to demonstrate that, even at the second lowest possible hourly rate (at which Plaintiffs would have worked at most one year), the amount in controversy exceeds $5 million.

[11]     FAC ¶¶ 1, 11, 12(a), and 14-19.

[12]     FAC ¶¶ 1, 11, 12(a), and 20-28.

NOTICE OF REMOVAL

13013675v.2

1 employees who quit or resigned earned even the second lowest applicable

2 minimum wage during the relevant time period, and further assuming they would

3 be entitled to eight hours of pay for 30 days in penalties, then potential exposure

4 for the waiting time penalties amounts to ($7.50 hourly rate) × (8 hours per day) x

5 (30 days) x (200 hourly employees who quit or were terminated) = **$360,000.**

6       26.    **Attorneys' Fees:**  The FAC also alleges that putative class members

7 are entitled to recover attorneys' fees.[13]  Requests for attorneys' fees must be taken

8 into account in ascertaining the amount in controversy.  *Galt G/S v. JSS*

9 *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys'

10 fees are to be included in amount in controversy, regardless of whether award is

11 discretionary or mandatory).

12       27.    Thus, although Defendants deny Plaintiffs' allegations or that

13 Plaintiffs, or the class that they purport to represent, are entitled to the relief for

14 which they have prayed, based on Plaintiffs' allegations and prayer for relief, the

15 amount in controversy based only on Plaintiffs' claims for missed meal and rest

16 breaks, unpaid overtime, and Section 203 penalties (**approximately $5.43 million**)

17 exceeds the $5,000,000 threshold set forth under 28 U.S.C. section 1332(d)(2).

18       28.    Because diversity of citizenship exists – Plaintiffs being citizens of the

19 State of California and Defendants being citizens of the States of Delaware,

20 Illinois, Georgia and Utah – and because the amount in controversy exceeds

21 $5,000,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C.

22 section 1332(d)(2).  This action is therefore a proper one for removal to this Court.

23                                    **VENUE**

24       29.    Venue lies in the United States District Court for the Central District

25 of California pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(c)(2).  This

26 action originally was brought in the Superior Court of the State of California,

27

28  [13]    FAC ¶¶ 19, 28, 33, and 38.

NOTICE OF REMOVAL

13013675v.2

County of Los Angeles, which is located within the Central District of the State of California, Western Division. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## NOTICE OF REMOVAL

30. A true and correct copy of this Notice of Removal will be promptly served on Plaintiffs and filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles, as required under 28 U.S.C. section 1446(d).

31. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served in this action are attached hereto. They are: (1) Complaint (Exhibit A), (2) Summons and First Amended Complaint (Exhibit B); (3) Proof of Service of Hyatt (Exhibit C); and Proof of Service on Noble/Utah (Exhibit D).

WHEREFORE, Defendants Hyatt Hotels Corporation d/b/a Hyatt Regency Huntington Beach Resort & Spa and Noble/Utah Long Beach LLC pray that the above action pending before the Superior Court of the State of California for the County of Los Angeles be removed to the United States District Court for the Central District of California.

DATED: January 3, 2011

SEYFARTH SHAW LLP

By _____
Aaron R. Lubeley
Rocio Herrera
Attorneys for Defendants
HYATT HOTELS CORPORATION
D/B/A REGENCY HUNTINGTON
BEACH RESORT & SPA AND
NOBLE/UTAH LONG BEACH LLC

11

NOTICE OF REMOVAL

I3013675v.2

# EXHIBIT A

1 | Allen B. Felahy, Esq., SBN 190177
Oscar Ramirez, Esq., SBN 236768
2 | Boris Sorsher, Esq., SBN 251718
Zack Domb, Esq. SBN 265185
3 | **FELAHY LAW GROUP**
4000 Cover Street, Suite 100
4 | Long Beach, CA 90808
(562) 499-2121 tel.
5 | (562) 499-2124 fax

6 | Attorneys for *Plaintiffs*,
MIGUEL TAPIA, DAVID GARCIA, and
7 | ANAHI MEJORADA

*FILED*
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 0,7 2010

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
RUGENA LOPEZ

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL JUDICIAL DISTRICT

**BC437304**

MIGUEL TAPIA, individually and on behalf of a class of others similarly situated; and DAVID GARCIA, individually and on behalf of a class of others similarly situated; and ANAHI MEJORADA, individually and on behalf of a class of others similarly situated,

Plaintiffs,

v.

BERTHA RODRIGUEZ, individually and d/b/a D&J MAINTENANCE STAFF; D&J MAINTENANCE STAFF d/b/a D&J STAFF, entity unknown; and DOES 1 to 100, inclusive,

Defendants.

CASE NO._____

**COMPLAINT FOR DAMAGES AND RESTITUTION:**

1. FAILURE TO PAY OVERTIME;

2. FAILURE TO PAY ALL WAGES OWED UPON TERMINATION;

3. UNFAIR COMPETITION;

4. FAILURE TO PROVIDE MEAL AND REST PERIODS.

**DEMAND FOR JURY TRIAL**

Plaintiffs MIGUEL TAPIA, DAVID GARCIA, and ANAHI MEJORADA ("Plaintiffs"), on behalf of themselves and all others similarly situated, complain and allege as follows:

- 1 -
**COMPLAINT FOR DAMAGES AND RESTITUTION**

## INTRODUCTION

1.     This case arises out of the failure of Defendants BERTHA RODRIGUEZ, individually and d/b/a D&J MAINTENANCE STAFF, and D&J MAINTENANCE STAFF d/b/a D&J STAFF – entity unknown, to comply with various wage and hour laws.  Defendants do not pay hourly employees who work overtime the full amount of their overtime wages.  Defendants thus fail to pay all final wages owed to hourly employees who worked overtime upon termination in accordance with Labor Code Sections 201 and 202.  Furthermore, Defendants fail to provide their employees with proper meal and/or rest periods.  For themselves and other similarly situated persons, Plaintiffs seek damages under the Labor Code and restitution of owed and unpaid monies under Business and Professions Code Section 17203.

## JURISDICTION AND VENUE

2.     Venue is proper in this Judicial District and the County of Los Angeles because work was performed by Plaintiffs and other employees of Defendants in the County of Los Angeles, and Defendants' obligations under the California Labor Code to Plaintiffs and other employees of Defendants arose and were breached in the County of Los Angeles.

3.     The California Superior Court has jurisdiction in this matter because Plaintiffs are residents of California and Defendants are qualified to do business in California and regularly conducts business in California.  Further, there is no federal question at issue as the claims herein are based solely on California law.

## THE PARTIES

A.     **The Plaintiffs**

4.     Plaintiff MIGUEL TAPIA ("Plaintiff Tapia") was employed by Defendant in a non-exempt position from November 2007 to August 2009.  During his employment with Defendant, Plaintiff Tapia worked overtime. Defendant did not pay Plaintiff Tapia all the overtime wages he earned.  Furthermore, Defendant did not provide Plaintiff Tapia with proper meal and/or rest periods.

5.     Plaintiff DAVID GARCIA ("Plaintiff Garcia") was employed by Defendant in a non-exempt position from March 2009 to August 2009.  During his employment with Defendant, Plaintiff

COMPLAINT FOR DAMAGES AND RESTITUTION

Garcia worked overtime.  Defendant did not pay Plaintiff Garcia all the overtime wages he earned.  Furthermore, Defendant did not provide Plaintiff Garcia with proper meal and/or rest periods.

6.      Plaintiff ANAHI MEJORADA ("Plaintiff Mejorada") was employed by Defendant in a non-exempt position from October 2007 to August 2009.  During his employment with Defendant, Plaintiff Mejorada worked overtime.  Defendant did not pay Plaintiff Mejorada all the overtime wages he earned.  Furthermore, Defendant did not provide Plaintiff Mejorada with proper meal and/or rest periods.

7.      Plaintiffs seek to represent similarly situated persons who work or worked for Defendant (the "Class," described more fully in paragraphs 11 and 12) who, like Plaintiffs, were not paid the full amount of the overtime wages they earned during their employment or upon the termination of their employment and who were not provided with proper meal and/or rest periods.

**B.     Defendants**

8.      Defendants conduct business within the county of Los Angeles and their principal place of business is located in Los Angeles, California.  Defendants were the employer of Plaintiffs and are or were the employer of the other members of the Class.

9.      Plaintiffs are ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as Does 1 through 100, but is informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names.  Plaintiffs will amend this complaint to allege the true names and capacities of the Doe Defendants when ascertained.

10.     Plaintiffs are informed and believe and thereon allege that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## CLASS ACTION ALLEGATIONS

11.     Plaintiffs bring this action on behalf of themselves and all other similarly situated persons as a class action pursuant to Code of Civil Procedure Section 382. All members of the Class

belong to the Overtime Class and Meal and Rest Period Class, and formerly employed members of the Class belong to the Terminated Overtime Class, defined as follows:

**Overtime Class:** All persons who were paid by the hour by Defendants in California at any time since the date four years prior to the filing of this action through the date Notice is mailed to the Class, who, at any time during that period, worked over eight hours in a day and/or over forty hours in a week for Defendants.

**Terminated Overtime Class:** All persons in the Overtime Class whose employment with Defendants terminated at any time during the period commencing four years prior to the filing of this action and ending with the date Notice is mailed to the Class.

**Meal and Rest Period Class:** All persons who were paid by the hour by Defendants in California at any time since the date four years prior to the filing of this action through the date Notice is mailed to the Class, who, at any time during that period, were not provided proper meal and rest periods.

12.    This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure Section 382 because there is a well-defined community of interest among many persons who comprise a readily ascertainable class.

a.    The Class members are so numerous that the individual joinder of all of them as plaintiffs is impractical.  While the exact number of Class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon allege that there are not less than 500 members in the Overtime Class and Meal and Rest Period Class, and not less than 200 members in the Terminated Overtime Sub-Class.  Therefore, joinder of all Class members as individual plaintiffs is impractical.

b.    Common questions of law and fact exist as to members of the Class and predominate over any questions which affect only individual members of the Class.  These common questions include, but are not limited to:

COMPLAINT FOR DAMAGES AND RESTITUTION

(1)    Did Defendants violate Labor Code Section 510 by not paying members of the Overtime Class all overtime wages owed, pursuant to company practices and policies?

(2)    Did Defendants violate Labor Code Sections 201 or 202 by not paying members of the Terminated Overtime Class all wages due upon termination of employment?

(3)    Did Defendants deny members of the Class proper meal and rest periods?

(4)    Are Defendants liable to members of the Terminated Overtime Class for waiting time penalties under Labor Code Section 203?

(5)    Did Defendants violate Business and Professions Code Section 17200 by engaging in unfair competition?

(6)    Are Defendants liable to members of the Class for restitution under Business and Professions Code Section 17203?

(6)    Is Plaintiff entitled to attorney's fees?

(7)    Are Class members entitled to pre-judgment interest?

c.    Plaintiffs are members of the Overtime Class and Terminated Overtime Class, and Meal and Rest Period Class, and each of their claims is typical of the claims of the other Class members.

d.    Plaintiffs will adequately and fairly protect the interests of the members of the Class.  Plaintiffs have no interest adverse to the interests of absent Class members. Plaintiffs are represented by legal counsel who have substantial class action experience in civil litigation and employment law.

e.    A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  Further, the monetary amounts due to many individual Class members are likely to be relatively small, and the burden and expense of individual litigation would make

**COMPLAINT FOR DAMAGES AND RESTITUTION**

it difficult or impossible for individual members of the Class to seek and obtain relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

13.     Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
### FAILURE TO PAY OVERTIME
**(By Plaintiffs and the Overtime Class against Defendants)**

14.     Plaintiffs incorporate paragraphs 1-13 of this complaint as if fully alleged herein.

15.     At all relevant times, Plaintiffs and the other members of the Overtime Class were employees of Defendant covered by Labor Code Section 510 and all applicable wage orders.

16.     Pursuant to Labor Code Section 510 and all applicable wage orders, Plaintiffs and the other members of the Overtime Class were entitled to overtime wages payable at the rate of at least one and one-half times their regular rate of pay for all work in excess of eight hours in one workday or in excess of forty hours in one workweek and payable at the rate of at least twice the regular rate of pay for all work in excess of twelve hours in one workday.

17.     Defendants failed to pay Plaintiffs and other members of the Overtime Class all amounts of overtime wages owed in accordance with Labor Code Section 510 and all applicable wage orders.

18.     As a result of Defendants' unlawful conduct, Plaintiffs and members of the Overtime Class have suffered damages in an amount, subject to proof, to the extent they were not paid all overtime wages earned.

19.     Pursuant to Labor Code Section 1194, Plaintiffs and members of the Overtime Class are entitled to recover the full amount of their unpaid overtime wages, interest thereon, reasonable attorney's fees and costs of suit.

//

//

**COMPLAINT FOR DAMAGES AND RESTITUTION**

## SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES OWED UPON TERMINATION

#### (By Plaintiffs and the Terminated Overtime Class against Defendants)

20.     Plaintiffs incorporate paragraphs 1-19 of this complaint as if fully alleged herein.

21.     At relevant times, Plaintiffs and the members of the Terminated Overtime Class were former employees of Defendants covered by Labor Code Section 201 and 202.

22.     Pursuant to Labor Code Sections 201 and 202, Plaintiffs and members of the Terminated Overtime Class were entitled, upon the end of their employment with Defendants, to payment of all wages earned and unpaid prior to termination.  Discharged employees were entitled to payment of all earned and unpaid wages immediately upon termination.  Employees who resigned were entitled to payment of all earned and unpaid wages within 72 hours after resignation or, if they gave at least 72 hours previous notice, they were entitled to payment of all earned and unpaid wages at the time of resignation.

23.     Defendants failed to pay Plaintiffs and members of the Terminated Overtime Class all wages owed upon termination from employment in accordance with Labor Code Section 201 and 202.

24.     Defendants' failure to pay Plaintiffs and members of the Terminated Overtime Class all wages earned prior to termination from employment in accordance with Labor Code Sections 201 and 202 was willful.  Defendants have the ability to pay all earned and unpaid wages in accordance with Labor Code Sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 and 202.

25.     Pursuant to Labor Code Section 203, Plaintiffs and members of the Terminated Overtime Class are entitled to waiting time penalties, in the form of continuation of their wages, from the day their unearned and unpaid wages were due upon termination until paid, up to a maximum of 30 days.

26.     As a result of Defendants' conduct, Plaintiffs and members of the Terminated Overtime Class have suffered damages in an amount, subject to proof, to the extent they were not paid all wages owed at the time of termination under Labor Code Section 201 or 202.

27.     As a result of Defendants' conduct, Plaintiffs and members of the Terminated Overtime Class, have suffered damages in an amount, subject to proof, to the extent they were not paid waiting time penalties owed under Labor Code Section 203.

28.     Pursuant to Labor Code Sections 218 and 218.5, Plaintiffs and members of the Terminated Overtime Class are entitled to recover the full amount of their unpaid wages, waiting time penalties, reasonable attorney's fees and costs of suit.  Plaintiff and members of the Terminated Overtime Class are entitled to recover interest on all due and unpaid wages and waiting time penalties under Labor Code Section 218.6 and/or Civil Code Section 3287(a).

## THIRD CAUSE OF ACTION
### UNFAIR COMPETITION
### (By Plaintiffs and the Class against Defendants)

29.     Plaintiffs incorporate paragraphs 1-28 of this complaint as if fully alleged herein.

30.     The unlawful conduct of Defendants alleged herein constitutes unfair competition with the meaning of Business and Professions Code Section 17200.  Due to their unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California who comply with their obligations to pay overtime wages in accordance with the law.

31.     As a result of Defendants' unfair competition as alleged herein, Plaintiffs and members of the Class have suffered injury in fact and lost money or property.  Plaintiffs and members of the Class were not paid all overtime wages owed under Labor Code Section 510 and Wage Order 5-2001, were not paid all wages owed upon termination in accordance with Labor Code Sections 201 or 202, were not paid waiting time penalties owed under Labor Code Section 203, and were not provided proper meal and rest periods in accordance with Labor Code Section 226.7.

32.     Pursuant to Business and Professions Code Section 17203, Plaintiffs and members of the Class are entitled to restitution of all the unpaid monies rightfully belonging to them that Defendants failed to pay them and wrongfully retained for itself by means of its unlawful and unfair business practices.  Plaintiffs and members of the Class have an ownership interest in all the monies that Defendants were obligated to pay them under the Labor Code.

33.     Plaintiffs and members of the Class are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL AND REST PERIODS

#### (By Plaintiffs and the Class against Defendants)

34.     Plaintiffs incorporate paragraphs 1-33 of this complaint as if fully alleged herein.

35.     Plaintiffs allege that within three years prior to filing of this action, pursuant to the provisions of Labor Code Section 226.7 and the applicable Industrial Welfare Commission Order, Defendants were required to provide each of their employees with a meal and/or rest period during which the employees were to be totally relieved of all duties. Said rest period is required to be provided for each 4 hour period worked in any single day.

36.     Plaintiffs allege that Defendants violated the Labor Code and Industrial Welfare Commission Order and failed to provide employees with proper rest periods and/or if rest periods were provided, that such employees were not completely relieved of all duties and therefore did not constitute a proper rest period at all.

37.     Pursuant to the provisions of Labor Code Section 226.7, Plaintiffs are entitled to one full hour of compensation at regular rate of pay for each mandatory rest period not provided or proven at the time of trial.

38.     Plaintiffs also seek recovery of attorneys fees pursuant to statute as well as all applicable penalties. Plaintiffs also request the imposition of injunctive relief to prohibit Defendants from continuing to engage in their violations of the Labor Code.

## PRAYER FOR RELIEF

WHEREFORE, on behalf of themselves and all others similarly situated, Plaintiffs pray for relief and judgment against Defendants as follows:

A.      An order that the action be certified as a class action;

B.      An order that Plaintiffs be appointed representative of the Class;

C.      An order that counsel for Plaintiffs be appointed as counsel for the Class;

D.      Judgment in favor of Plaintiffs and the Class and against Defendants;

E.      Damages and penalties according to proof;

F.      Restitution according to proof;

G.      Pre-judgment interest;

COMPLAINT FOR DAMAGES AND RESTITUTION

H.   Reasonable attorney's fees;

I.   Costs of suit; and

J.   Such other relief as the Court deems just and proper.

DATED: May 3, 2010

Respectfully submitted,
FELAHY LAW GROUP

ZACK DOMB, Esq.
Attorneys for Plaintiffs MIGUEL TAPIA, DAVID
GARCIA, and ANAHI MEJORADA

- 10 -
COMPLAINT FOR DAMAGES AND RESTITUTION

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Zack Domb, Esq. SBN 265185
FELAHY LAW GROUP
4000 Cover Street, Suite 100

Long Beach, CA 90808
TELEPHONE NO.: 562-499-2121   FAX NO.: 562-499-2124
**ATTORNEY FOR** *(Name):* Plaintiffs Miguel Tapia, et al.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk, Central District

CASE NAME: Tapia v. Rodriguez, et al

*FOR COURT USE ONLY*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 07 2010

John A. Clarke, Executive Officer/Clerk
By_____ Deputy
EUGENIA LOPEZ

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC437304 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify):* 4

5. This case [X] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 3, 2010

Zack Domb, Esq. SBN 265185
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]       CIVIL CASE COVER SHEET       Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
Legal Solutions Plus

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach—Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
        Claim
    Other Civil Petition

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tapia v. Rogriguez, et al. | BC437304 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.   Check the types of hearing and fill in the estimated length of hearing expected for this case:
JURY TRIAL?   [X] YES   CLASS ACTION?   [X] YES   LIMITED CASE?   [ ] YES   TIME ESTIMATED FOR TRIAL 7   [ ] HOURS/ [X] DAYS

Item II.   Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4)

**Step 1:**  After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:**  Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:**  In Column C, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:**  Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [ ] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109  (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4
LA-4B1

SHORT TITLE: Tapia v. Rogriguez, et al.

CASE NUMBER

| A<br>Civil Case Cover<br>Sheet Category No. | | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|
| **Professional Negligence (25)** | ☐ A6017 | Legal Malpractice | 1., 2., 3. |
| | ☐ A6050 | Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| **Other (35)** | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Wrongful Termination (36)** | ☐ A6037 | Wrongful Termination | 1., 2., 3. |
| **Other Employment (15)** | ☒ A6024 | Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109 | Labor Commissioner Appeals | 10. |
| **Breach of Contract/ Warranty (06) (not insurance)** | ☐ A6004 | Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008 | Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| **Collections (09)** | ☐ A6002 | Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012 | Other Promissory Note/Collections Case | 2., 5. |
| **Insurance Coverage (18)** | ☐ A6015 | Insurance Coverage (not complex) | 1., 2., 5., 8. |
| **Other Contract (37)** | ☐ A6009 | Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031 | Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027 | Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Eminent Domain/Inverse Condemnation (14)** | ☐ A7300 | Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| **Wrongful Eviction (33)** | ☐ A6023 | Wrongful Eviction Case | 2., 6. |
| **Other Real Property (26)** | ☐ A6018 | Mortgage Foreclosure | 2., 6. |
| | ☐ A6032 | Quiet Title | 2. ,6. |
| | ☐ A6060 | Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer - Commercial (31)** | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer - Residential (32)** | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer - Drugs (38)** | ☐ A6022 | Unlawful Detainer-Drugs | 2., 6. |
| **Asset Forfeiture (05)** | ☐ A6108 | Asset Forfeiture Case | 2., 6. |
| **Petition re Arbitration (11)** | ☐ A6115 | Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Left margin categories (top to bottom): Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.); Employment; Contract; Real Property; Unlawful Detainer; Judicial Review

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tapia v. Rogriguez, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150 Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE:<br>Tapia v. Rogriquez, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS:<br>21806 Carlerik |
|---|---|
| [X]1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |
| CITY:<br>Carson | STATE:<br>CA | ZIP CODE:<br>90810 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>May 3, 2010</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

Zack Domb, Esq.

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

# EXHIBIT B

*1ST Amended* **SUMMONS**
**(CITACION JUDICIAL)**

SUM-100



CONFORMED COPY

NOV 18 2010

John A. Clarke, Executive Officer/Clerk

BY_____, Deputy
Shaunya Wesley

**NOTICE TO DEFENDANT:** BERTHA RODRIGUEZ, individually and
*(AVISO AL DEMANDADO):* d/b/a D&J MAINTENANCE STAFF; D&J
MAINTENANCE STAFF d/b/a D&J STAFF, entity unknown; HYATT
HOTELS CORPORATION d/b/a HYATT REGENCY HUNTINGTON
BEACH RESORT & SPA, a Delaware Corporation; STARWOOD
HOTELS & RESORTS WORLDWIDE, INC. d/b/a THE WESTIN
LONG BEACH, a Maryland Corporation; and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** MIGUEL TAPIA, individually
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* and on behalf of a
class of others similar situated; and DAVID GARCIA, individually
and on behalf of a class of others similarly situated; and ANAHI
MEJORADA, individually and on behalf others similarly situated.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court for the State of California
111 North Hill Street
Los Angeles 90012

CASE NUMBER:
*(Número del Caso):*
BC437304

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Zack Domb, Esq. SBN 265185
FELAHY LAW GROUP
4000 Cover Street, Suite 100
Long Beach, CA 90808                                          562-499-2121

DATE:                                    Clerk, by _____, Deputy
*(Fecha)*      NOV 18 2010      *(Secretario)*      Shaunya Wesley      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Hyatt Hotels Corporation dba Hyatt Regency Huntington Beach Resort & Spa
   under: ☑ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*  12/2/10

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

DateServed: 12/2/10
TimeServed: 340
DN

1   Allen B. Felahy, Esq., SBN 190177
    Oscar Ramirez, Esq., SBN 236768
2   Boris Sorsher, Esq., SBN 251718
    Zack Domb, Esq. SBN 265185
3   **FELAHY LAW GROUP**
    4000 Cover Street, Suite 100
4   Long Beach, CA 90808
    (562) 499-2121 tel.
5   (562) 499-2124 fax

6   Attorneys for *Plaintiffs*,
    MIGUEL TAPIA, DAVID GARCIA, and
7   ANAHI MEJORADA

**ORIGINAL FILED**

OCT 26 2010

**LOS ANGELES
SUPERIOR COURT**

**REC'D**

OCT 22 2010
**FILING WINDOW**

8

9       SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10     COUNTY OF LOS ANGELES, CENTRAL JUDICIAL DISTRICT

11

12   MIGUEL TAPIA, individually and on behalf
    of a class of others similarly situated; and
13   DAVID GARCIA, individually and on
    behalf of a class of others similarly situated;
14   and ANAHI MEJORADA, individually and
    on behalf of a class of others similarly
15   situated,

16                 Plaintiffs,

17            v.

18   BERTHA RODRIGUEZ, individually and
    d/b/a D&J MAINTENANCE STAFF; D&J
19   MAINTENANCE STAFF d/b/a D&J
    STAFF, entity unknown; HYATT HOTELS
20   CORPORATION d/b/a HYATT REGENCY
    HUNTINGTON BEACH RESORT & SPA,
21   a Delaware Corporation; STARWOOD
    HOTELS & RESORTS WORLDWIDE,
22   INC. d/b/a THE WESTIN LONG BEACH, a
    Maryland Corporation; and DOES 1 to 100,
23   Inclusive,

24

25              Defendants.

26

27

28

CASE NO.: BC437304

Assigned for all purposes to:
HON. Michael Stern

Original Complaint Filed: May 7, 2010

**FIRST AMENDED COMPLAINT FOR
DAMAGES AND RESTITUTION:**

1. FAILURE TO PAY OVERTIME;

2. FAILURE TO PAY ALL WAGES OWED
   UPON TERMINATION;

3. UNFAIR COMPETITION;

4. FAILURE TO PROVIDE MEAL AND REST
   PERIODS.

**DEMAND FOR JURY TRIAL**

- 1 -

**FIRST AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION**

Plaintiffs MIGUEL TAPIA, DAVID GARCIA, and ANAHI MEJORADA ("Plaintiffs"), on behalf of themselves and all others similarly situated, complain and allege as follows:

## INTRODUCTION

1.     This case arises out of the failure of Defendants BERTHA RODRIGUEZ, individually and d/b/a D&J MAINTENANCE STAFF. D&J MAINTENANCE STAFF d/b/a D&J STAFF – entity unknown; HYATT HOTELS CORPORATION d/b/a HYATT REGENCY HUNTINGTON BEACH RESORT & SPA, a Delaware Corporation; and STARWOOD HOTELS & RESORTS WORLDWIDE. INC. d/b/a THE WESTIN LONG BEACH, a Maryland Corporation (hereinafter collectively referred to as "Defendants"), to comply with various wage and hour laws.  Defendants do not pay hourly employees who work overtime the full amount of their overtime wages.  Defendants thus fail to pay all final wages owed to hourly employees who worked overtime upon termination in accordance with Labor Code Sections 201 and 202. Furthermore, Defendants fail to provide their employees with proper meal and/or rest periods.  For themselves and other similarly situated persons, Plaintiffs seek damages under the Labor Code and restitution of owed and unpaid monies under Business and Professions Code Section 17203.

## JURISDICTION AND VENUE

2.     Venue is proper in this Judicial District and the County of Los Angeles because work was performed by Plaintiffs and other employees of Defendants in the County of Los Angeles, and Defendants' obligations under the California Labor Code to Plaintiffs and other employees of Defendants arose and were breached in the County of Los Angeles.

3.     The California Superior Court has jurisdiction in this matter because Plaintiffs are residents of California and Defendants are qualified to do business in California and regularly conduct business in California. Further, there is no federal question at issue as the claims herein are based solely on California law.

## THE PARTIES

A.     The Plaintiffs

4.     Plaintiff MIGUEL TAPIA ("Plaintiff Tapia") was employed by Defendant in a non-

- 2 -

FIRST AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION

exempt position from November 2007 to August 2009.  During his employment with Defendant, Plaintiff Tapia worked overtime. Defendant did not pay Plaintiff Tapia all the overtime wages he earned.  Furthermore, Defendant did not provide Plaintiff Tapia with proper meal and/or rest periods.

5.      Plaintiff DAVID GARCIA ("Plaintiff Garcia") was employed by Defendant in a non-exempt position from March 2009 to August 2009.  During his employment with Defendant, Plaintiff Garcia worked overtime.  Defendant did not pay Plaintiff Garcia all the overtime wages he earned.  Furthermore, Defendant did not provide Plaintiff Garcia with proper meal and/or rest periods.

6.      Plaintiff ANAHI MEJORADA ("Plaintiff Mejorada") was employed by Defendant in a non-exempt position from October 2007 to August 2009.  During his employment with Defendant, Plaintiff Mejorada worked overtime. Defendant did not pay Plaintiff Mejorada all the overtime wages he earned.  Furthermore, Defendant did not provide Plaintiff Mejorada with proper meal and/or rest periods.

7.      Plaintiffs seek to represent similarly situated persons who work or worked for Defendant (the "Class." described more fully in paragraphs 11 and 12) who, like Plaintiffs. were not paid the full amount of the overtime wages they earned during their employment or upon the termination of their employment and who were not provided with proper meal and/or rest periods.

B.      Defendants

8.      Defendants conduct business within the county of Los Angeles and their principal place of business is located in Los Angeles, California.  Defendants were the employer of Plaintiffs and are or were the employer of the other members of the Class.

9.      Plaintiffs are ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as Does 1 through 100, but is informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of the Doe Defendants when ascertained.

10.     Plaintiffs are informed and believe and thereon allege that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

- 3 -

**FIRST AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION**

## CLASS ACTION ALLEGATIONS

11.     Plaintiffs bring this action on behalf of themselves and all other similarly situated persons as a class action pursuant to Code of Civil Procedure Section 382. All members of the Class belong to the Overtime Class and Meal and Rest Period Class, and formerly employed members of the Class belong to the Terminated Overtime Class, defined as follows:

Overtime Class: All persons who were paid by the hour by Defendants in California at any time since the date four years prior to the filing of this action through the date Notice is mailed to the Class, who, at any time during that period, worked over eight hours in a day and/or over forty hours in a week for Defendants.

Terminated Overtime Class: All persons in the Overtime Class whose employment with Defendants terminated at any time during the period commencing four years prior to the filing of this action and ending with the date Notice is mailed to the Class.

Meal and Rest Period Class: All persons who were paid by the hour by Defendants in California at any time since the date four years prior to the filing of this action through the date Notice is mailed to the Class, who, at any time during that period, were not provided proper meal and rest periods.

12.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure Section 382 because there is a well-defined community of interest among many persons who comprise a readily ascertainable class.

        a.     The Class members are so numerous that the individual joinder of all of them as plaintiffs is impractical.  While the exact number of Class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon allege that there are not less than 500 members in the Overtime Class and Meal and Rest Period Class, and not less than 200 members in the Terminated Overtime Sub-Class.  Therefore, joinder of all Class members as

- 4 -

**FIRST AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION**

1    individual plaintiffs is impractical.

2        b.    Common questions of law and fact exist as to members of the Class and

3    predominate over any questions which affect only individual members of the

4    Class. These common questions include, but are not limited to:

5        (1)    Did Defendants violate Labor Code Section 510 by not paying members

6    of the Overtime Class all overtime wages owed, pursuant to company

     practices and policies?

7        (2)    Did Defendants violate Labor Code Sections 201 or 202 by not paying

8    members of the Terminated Overtime Class all wages due upon

9    termination of employment?

10       (3)    Did Defendants deny members of the Class proper meal and rest

11   periods?

12       (4)    Are Defendants liable to members of the Terminated Overtime Class for

13   waiting time penalties under Labor Code Section 203?

14       (5)    Did Defendants violate Business and Professions Code Section 17200

15   by engaging in unfair competition?

16       (6)    Are Defendants liable to members of the Class for restitution under

     Business and Professions Code Section 17203?

17       (6)    Is Plaintiff entitled to attorney's fees?

18       (7)    Are Class members entitled to pre-judgment interest?

19       c.    Plaintiffs are members of the Overtime Class and Terminated Overtime Class,

20   and Meal and Rest Period Class, and each of their claims is typical of the claims

21   of the other Class members.

22       d.    Plaintiffs will adequately and fairly protect the interests of the members of the

23   Class. Plaintiffs have no interest adverse to the interests of absent Class

     members. Plaintiffs are represented by legal counsel who have substantial class

24   action experience in civil litigation and employment law.

25       e.    A class action is superior to other available means for fair and efficient

26   adjudication of the claims of the Class and would be beneficial for the parties

27   and the court. Class action treatment will allow a large number of similarly

28   situated persons to prosecute their common claims in a single forum,

- 5 -

simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual Class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the Class to seek and obtain relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

13.     Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME

#### (By Plaintiffs and the Overtime Class against Defendants)

14.     Plaintiffs incorporate paragraphs 1-13 of this complaint as if fully alleged herein.

15.     At all relevant times, Plaintiffs and the other members of the Overtime Class were employees of Defendant covered by Labor Code Section 510 and all applicable wage orders.

16.     Pursuant to Labor Code Section 510 and all applicable wage orders, Plaintiffs and the other members of the Overtime Class were entitled to overtime wages payable at the rate of at least one and one-half times their regular rate of pay for all work in excess of eight hours in one workday or in excess of forty hours in one workweek and payable at the rate of at least twice the regular rate of pay for all work in excess of twelve hours in one workday.

17.     Defendants failed to pay Plaintiffs and other members of the Overtime Class all amounts of overtime wages owed in accordance with Labor Code Section 510 and all applicable wage orders.

18.     As a result of Defendants' unlawful conduct, Plaintiffs and members of the Overtime Class have suffered damages in an amount, subject to proof, to the extent they were not paid all overtime wages earned.

19.     Pursuant to Labor Code Section 1194, Plaintiffs and members of the Overtime Class are entitled to recover the full amount of their unpaid overtime wages, interest thereon, reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES OWED UPON TERMINATION

#### (By Plaintiffs and the Terminated Overtime Class against Defendants)

20.     Plaintiffs incorporate paragraphs 1-19 of this complaint as if fully alleged herein.

21.     At relevant times, Plaintiffs and the members of the Terminated Overtime Class were former employees of Defendants covered by Labor Code Section 201 and 202.

22.     Pursuant to Labor Code Sections 201 and 202, Plaintiffs and members of the Terminated Overtime Class were entitled, upon the end of their employment with Defendants, to payment of all wages earned and unpaid prior to termination.  Discharged employees were entitled to payment of all earned and unpaid wages immediately upon termination.  Employees who resigned were entitled to payment of all earned and unpaid wages within 72 hours after resignation or, if they gave at least 72 hours previous notice, they were entitled to payment of all earned and unpaid wages at the time of resignation.

23.     Defendants failed to pay Plaintiffs and members of the Terminated Overtime Class all wages owed upon termination from employment in accordance with Labor Code Section 201 and 202.

24.     Defendants' failure to pay Plaintiffs and members of the Terminated Overtime Class all wages earned prior to termination from employment in accordance with Labor Code Sections 201 and 202 was willful.  Defendants have the ability to pay all earned and unpaid wages in accordance with Labor Code Sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 and 202.

25.     Pursuant to Labor Code Section 203, Plaintiffs and members of the Terminated Overtime Class are entitled to waiting time penalties, in the form of continuation of their wages, from the day their unearned and unpaid wages were due upon termination until paid, up to a maximum of 30 days.

26.     As a result of Defendants' conduct, Plaintiffs and members of the Terminated Overtime Class have suffered damages in an amount, subject to proof, to the extent they were not paid all wages owed at the time of termination under Labor Code Section 201 or 202.

27.     As a result of Defendants' conduct, Plaintiffs and members of the Terminated Overtime Class, have suffered damages in an amount, subject to proof, to the extent they were not paid waiting time penalties owed under Labor Code Section 203.

28.     Pursuant to Labor Code Sections 218 and 218.5, Plaintiffs and members of the

Terminated Overtime Class are entitled to recover the full amount of their unpaid wages, waiting time penalties, reasonable attorney's fees and costs of suit.  Plaintiff and members of the Terminated Overtime Class are entitled to recover interest on all due and unpaid wages and waiting time penalties under Labor Code Section 218.6 and/or Civil Code Section 3287(a).

## THIRD CAUSE OF ACTION
### UNFAIR COMPETITION
#### (By Plaintiffs and the Class against Defendants)

29.   Plaintiffs incorporate paragraphs 1-28 of this complaint as if fully alleged herein.

30.   The unlawful conduct of Defendants alleged herein constitutes unfair competition with the meaning of Business and Professions Code Section 17200.  Due to their unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California who comply with their obligations to pay overtime wages in accordance with the law.

31.   As a result of Defendants' unfair competition as alleged herein, Plaintiffs and members of the Class have suffered injury in fact and lost money or property.  Plaintiffs and members of the Class were not paid all overtime wages owed under Labor Code Section 510 and Wage Order 5-2001, were not paid all wages owed upon termination in accordance with Labor Code Sections 201 or 202, were not paid waiting time penalties owed under Labor Code Section 203, and were not provided proper meal and rest periods in accordance with Labor Code Section 226.7.

32.   Pursuant to Business and Professions Code Section 17203, Plaintiffs and members of the Class are entitled to restitution of all the unpaid monies rightfully belonging to them that Defendants failed to pay them and wrongfully retained for itself by means of its unlawful and unfair business practices.  Plaintiffs and members of the Class have an ownership interest in all the monies that Defendants were obligated to pay them under the Labor Code.

33.   Plaintiffs and members of the Class are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

//

---

- 8 -

**FIRST AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION**

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL AND REST PERIODS

#### (By Plaintiffs and the Class against Defendants)

34.    Plaintiffs incorporate paragraphs 1-33 of this complaint as if fully alleged herein.

35.    Plaintiffs allege that within three years prior to filing of this action, pursuant to the provisions of Labor Code Section 226.7 and the applicable Industrial Welfare Commission Order, Defendants were required to provide each of their employees with a meal and/or rest period during which the employees were to be totally relieved of all duties. Said rest period is required to be provided for each 4 hour period worked in any single day.

36.    Plaintiffs allege that Defendants violated the Labor Code and Industrial Welfare Commission Order and failed to provide employees with proper rest periods and/or if rest periods were provided, that such employees were not completely relieved of all duties and therefore did not constitute a proper rest period at all.

37.    Pursuant to the provisions of Labor Code Section 226.7, Plaintiffs are entitled to one full hour of compensation at regular rate of pay for each mandatory rest period not provided or proven at the time of trial.

38.    Plaintiffs also seek recovery of attorneys fees pursuant to statute as well as all applicable penalties.  Plaintiffs also request the imposition of injunctive relief to prohibit Defendants from continuing to engage in their violations of the Labor Code.

## PRAYER FOR RELIEF

WHEREFORE, on behalf of themselves and all others similarly situated, Plaintiffs pray for relief and judgment against Defendants as follows:

A.    An order that the action be certified as a class action;

B.    An order that Plaintiffs be appointed representative of the Class;

C.    An order that counsel for Plaintiffs be appointed as counsel for the Class;

D.    Judgment in favor of Plaintiffs and the Class and against Defendants;

E.    Damages and penalties according to proof;

F.    Restitution according to proof;

G.    Pre-judgment interest;

- 9 -

FIRST AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION

H.  Reasonable attorney's fees;

I.  Costs of suit: and

J.  Such other relief as the Court deems just and proper.

DATED: October 13, 2010

Respectfully submitted,
FELAHY LAW GROUP

ZACK DOMB. Esq.
Attorneys for Plaintiffs MIGUEL TAPIA. DAVID
GARCIA, and ANAHI MEJORADA

- 10 -
FIRST AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION

1    Allen B. Felahy, Esq., SBN 190177
     Oscar Ramirez, Esq., SBN 236768
2    Boris Sorsher, Esq., SBN 251718
     Zack Domb, Esq., SBN 265185
3    **FELAHY LAW GROUP**
     4000 Cover Street, Suite 100
4    Long Beach, CA 90808
     (562) 499-2121 tel.; (562) 499-2124 fax.
5

6    Attorneys for Plaintiffs,
     MIGUEL TAPIA, DAVID GARCIA, and ANAHI MEJORADA

7             **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

8             **COUNTY OF LOS ANGELES, CENTRAL JUDICIAL DISTRICT**

9

10    MIGUEL TAPIA, individually and on        CASE NO. BC437304
     behalf of a class of others similarly
11    situated; and DAVID GARCIA,
     individually and on behalf of a class of
12    others similarly situated; and ANAHI       **PROOF OF SERVICE**
     MEJORADA, individually and on behalf
13    of a class of others similarly situated.

14

15                    Plaintiffs,

16                    v.

16    BERTHA RODRIGUEZ, individually and
17    d/b/a D&J MAINTENANCE STAFF;
     D&J MAINTENANCE STAFF d/b/a D&J
18    STAFF, entity unknown; and DOES 1 to
     100, inclusive,
19

20

21                    Defendants.

22    I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party
23    to the within action; my business address is 4000 Cover Street, Suite 100 Long Beach, CA 90808.

24        On October 22, 2010, I served the following documents:

25    1.      **STIPULATION AND [PROPOSED] ORDER FOR FILING A FIRST AMENDED COMPLAINT;**

26    2.      **PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION.**

27

28    upon the interested parties in this action by placing [   ] the original [ X ] true copies thereof, enclosed in
     a sealed envelope addressed as follows:

Michele A. Wilson, Esq.
Law Offices of Michele A. Dobson-Wilson
4117 E. 4th Street
Long Beach, CA 90814

[X]   (BY MAIL  [State]) I am readily familiar with Felahy Law Group's practice for collection and processing of correspondence for mailing within the United States Postal Service; such envelope will be deposited with the United States Postal Service on the date shown below in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing on the date shown below according to Felahy Law Group's ordinary business practices.

[  ]   (BY FEDERAL EXPRESS) I am readily familiar with Felahy Law Group's practice for collection and processing of correspondence for mailing within the Federal Express Service; such envelope will be deposited with the Federal Express Service on the date shown below in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing on the date shown below according to Felahy Law Group's ordinary business practices.

[  ]   (BY PERSONAL SERVICE)  caused the documents described hereinabove to be hand-delivered to:

[  ]   (BY MESSENGER SERVICE)   I caused the documents described hereinabove to be hand-delivered to the offices of the addressee(s) on the date shown above.

[  ]   (BY TELECOPIER)   I caused the above document(s) to be telecopied to the addressee(s) at the telecopier number as follows:

[  ]   (BY ELECTRONIC MAIL) I caused the above document(s) to be e-mailed to the addressee(s) as follows:

[X]   (STATE COURT)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 22, 2010, at Long Beach, California.

Joshua A. Kuns

2

PROOF OF SERVICE

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE**

Case Number  BC 4 3 7 3 0 4

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Conrad Aragon | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rex Heeseman | 19 | 311 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. John P. Shook | 53 | 513 | |
| Hon. Zaven V. Sinanian | 23 | 315 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | | Hon. Jane L. Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. John A. Kronstadt | 30 | 400 | | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Amy D. Hogue | 34 | 408 | | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Jeanne O'Donnell | 37 | 413 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. William F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | | Hon. Emilie H. Elias* | 324 | CCW | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | Other | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | | |

*Class Actions

All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____

JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04/10)
LASC Approved 05-06

**NOTICE OF CASE ASSIGNMENT –**
**UNLIMITED CIVIL CASE**

Page 1 of 2

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR?**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- Civil Action Mediation (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- Retired Judge Settlement Conference
- Neutral Evaluation (Governed by Los Angeles Superior Court Rules, chapter 12.)
- Judicial Arbitration (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- Eminent Domain Mediation (Governed by Code of Civil Procedure section 1250.420.)
- Civil Harassment Mediation
- Small Claims Mediation

FAMILY LAW (non-custody):
- Mediation
- Forensic Certified Public Accountant (CPA) Settlement Conference
- Settlement Conference
- Nonbinding Arbitration (Governed by Family Code section 2554.)

PROBATE:
- Mediation
- Settlement Conference

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| | |
|---|---|
| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| | | | | | |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | Nrte | Lancaster, CA 93534 | (661)974-7275 | (661)974-7050 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8587 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)909-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91205 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-3272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 508 | Norwalk, CA 90650 | (562)807-7243 | (562)462-0019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)356-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

LAADR 005 (Rev. 06/00)
LASC Approved 10-03

Page 2 of 2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Zack Domb, Esq. SBN 265185<br>FELAHY LAW GROUP<br>4000 Cover Street, Suite 100<br><br>Long Beach, CA 90808<br>TELEPHONE NO: 562-499-2121   FAX NO: 562-499-2124<br>ATTORNEY FOR (Name): Plaintiffs Miguel Tapia, et al. | CONFORMED COPY<br>OF ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>MAY 07 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>EUGENA LOPEZ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk, Central District

CASE NAME: Tapia v. Rodriguez, et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC437304 |
| | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | [ ] Other collections (09) | [ ] Construction defect (10) |
| Damage/Wrongful Death) Tort | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Civil rights (08) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| Employment | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): 4
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 3, 2010

Zack Domb, Esq. SBN 265185
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book account) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ—Administrative Mandamus
  Writ—Mandamus on Limited Court Case Matter
  Writ—Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Tapia v. Rogriguez, et al. | BC487804 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [X] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 7 [ ] HOURS/ [X] DAYS

**Item II.** Select the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (See Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice<br>(45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4
LA-481

| SHORT TITLE: Tapia v. Rogriguez, et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | [X] A6024 Other Employment Complaint Case | (1.) 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels ______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tapia v. Rogriguez, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE: Tapia v. Rodriguez, et al. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: 21806 Carlerik | |
|---|---|---|
| ☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | |
| CITY: Carson | STATE: CA | ZIP CODE: 90810 |

**Item IV. *Declaration of Assignment*:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>May 3, 2010</u>

[SIGNATURE OF ATTORNEY/FILING PARTY]

Zack Domb, Esq.

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

# EXHIBIT C

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>FELAHY LAW GROUP<br>4000 COVER ST.<br>SUITE 100<br>LONG BEACH, CA 90808<br>*Telephone No:* 562 499-2121 | *For Court Use Only:*<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>**DEC 21 2010** |
| *Attorney for:* Plaintiff     *Ref. No. or File No.:* | John A. Clarke, Executive Officer/Clerk<br>BY _Raul Sanchez_ , Deputy<br>         Raul Sanchez |
| *Insert name of Court, and Judicial District and Branch Court:*<br>LOS ANGELES SUPERIOR COURT CENTRAL | |
| *Plaintiff:* TAPIA | |
| *Defendant:* RODRIGUEZ | |

| **PROOF OF SERVICE**<br>**SUMMONS & COMPLANT** | *Hearing Date:* | *Time:* | *Dept/Div:*<br>40 | *Case Number:*<br>BC437304 |
|---|---|---|---|---|

*1.* At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS AND COMPLAINT; (AMENDED)

3. a. *Party served:*      HYATT HOTELS CORPORATION D/B/A HYATT REGENCY HUNTINGTON
        BEACH RESORT & SPA, A DELAWARE CORPORATION
   b. *Person served:*     PAUL MATHEWS, MANAGING AGENT/AUTHORIZED TO ACCEPT
        SERVICE

*4. Address where the party was served:*     CORPORATION SERVICE COMPANY
        2711 CENTERVILLE ROAD
        SUITE 400
        WILMINGTON, DE 19808

*5. I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
     process for the party (1) on: Thu., Dec. 02, 2010 (2) at: 3:40PM

*6. The "Notice to the Person Served" (on the Summons) was completed as follows:*
   *on behalf of:* HYATT HOTELS CORPORATION D/B/A HYATT REGENCY HUNTINGTON BEACH RESORT & SPA, A
        DELAWARE CORPORATION
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*            Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. DANIEL NEWCOMB          d. *The Fee for Service was:*    $90.00
   b. A & M ATTORNEY SERVICE, INC.     e. I am: Exempt from registration under B&B 22350(b)
     P.O. BOX 7881
     LONG BEACH,, CA 90807
   c. 562 426-8306

Sworn before me a Notary Public
of the State of Delaware on
December 3, 2010

_Kimberly J Ryan_

KIMBERLY J. RYAN
NOTARY PUBLIC-DELAWARE
My Commission Expires June 18, 2012

*8.* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   *Date:*
     Fri, Dec. 03, 2010

_Daniel Newcomb_

Judicial Council Form POS-010        **PROOF OF SERVICE**          (DANIEL NEWCOMB)
Rule 2.150.(a)&(b) Rev January 1, 2007    **SUMMONS & COMPLANT**                  *fela.36463*

# EXHIBIT D

| Attorney or Party without Attorney:<br>FELAHY LAW GROUP<br>4000 COVER ST.<br>SUITE 100<br>LONG BEACH, CA  90808<br>Telephone No: 562 499-2121 | For Court Use Only |
|---|---|

| | Ref. No. or File No.: | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>DEC 1 3 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>GLORIETTA ROBINSON |
|---|---|---|

*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*
LOS ANGELES SUPERIOR COURT CENTRAL

*Plaintiff:* TAPIA

*Defendant:* RODRIGUEZ

| **PROOF OF SERVICE**<br>**SUMMONS & COMPLANT** | *Hearing Date:* | *Time:* | *Dept/Div:*<br>3 | *Case Number:*<br>BC437304 |
|---|---|---|---|---|

*1.*  At the time of service I was at least 18 years of age and not a party to this action.

2.   I served copies of the SUMMONS AND COMPLAINT; (AMENDED)

3.  a. *Party served:*      STARWOOD HOTELS & RESORTS WORLDWIDE, INC., D/B/A THE WESTIN
LONG BEACH, A MARYLAND CORPORATION

   b. *Person served:*      MARIA SANCHEZ, AUTHORIZED TO ACCEPT SERVICE

4.  *Address where the party was served:*      CT CORPORATION
818 W. 7TH ST.
LOS ANGELES, CA  90017

5.  I served the party:
   a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
   process for the party (1) on: Thu., Dec. 02, 2010 (2) at: 1:45PM

6.  The "Notice to the Person Served" (on the Summons) was completed as follows:
   *on behalf of:*  STARWOOD HOTELS & RESORTS WORLDWIDE, INC., D/B/A THE WESTIN LONG BEACH, A
   MARYLAND CORPORATION
   Under CCP 416.10 (corporation)

7.  *Person Who Served Papers:*                                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JEFFREY  J. CORZINE                    d.  *The Fee for Service was:*     $44.50
   **b. A & M ATTORNEY SERVICE, INC.**       e.  I am: (3)  registered California process server
   P.O. BOX 7881                                  *(i)*  Owner
   LONG BEACH,, CA  90807                         *(ii)  Registration No.:*      834-C
   c. 562 426-8306                                *(iii)  County:*            Los Angeles

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*
   *Date:*
      Fri, Dec. 03, 2010

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUMMONS & COMPLANT

(JEFFREY  J. CORZINE)

*fela.36457*

U

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV11- 47 GHK (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| MIGUEL TAPIA, DAVID GARCIA and AHAHI MEJORADA, etc. | NOBLE/UTAH LONG BEACH LLC (erroneously sued as Starwood Hotels & Resorts Worldwide, Inc.); HYATT HOTELS CORPORATION D/B/A HYATT REGENCY HUNTINGTON BEACH RESORT & SPA; BERTHA RODRIGUEZ, individually and d/b/a D&J MAINTENANCE STAFF; D&J MAINTENANCE STAFF d/b/a D&J STAFF; AND DOES 1 to 100 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Allen B. Felahv (SBN 190177) Oscar Ramirez (SBN 236768) FELAHY LAW GROUP 4000 Cover Street, Suite 100, Long Beach, California 90808 (562) 499-2121Telephone - (562) 499-2124 Fax | Aaron R. Lubeley (SBN 199837) SEYFARTH SHAW LLP 333 S. Hope Street, Suite 3900 Los Angeles, California 90071 (213) 270-9600 - Telephone (213) 270-9601 - Facsimile Attorneys for Noble/Utah Long Beach LLC and Hyatt Hotels Corporation d/b/a Hyatt Regency Huntington Beach Resort & Spa |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** 5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Petition for Removal 28 U.S.C. Sections 1322(d)(2), 1441, and 1446 (Class Action Fairness Act).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11·00047

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

FOR OFFICE USE ONLY:   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**CIVIL COVER SHEET**   American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                             ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                             ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                             ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
     ☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
     ☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware, Illinois, Georgia, Utah |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____     Date   January 3, 2011
                                        Aaron Lubeley

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com